UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY, | Case No. 1:12-cv-828 |
| Plaintiff | Spiegel, J.<br>Litkovitz, M.J. |
| vs. | |
| MARVIN DIXON, et al., | REPORT AND RECOMMENDATION TO DENY MOTION TO PROCEED ON APPEAL *IN FORMA PAUPERIS* |
| Defendants. | |

This matter is before the Court on Defendant/Appellant Marvin Shenkin's motion for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 (Doc. 34) and Defendant Marvin Dixon's brief in opposition and request for sanctions (Doc. 35).

In response to Section VI of the form motion and affidavit requesting information on real estate, automobiles, and "any other valuable property," Mr. Shenkin lists "5 used cars all older than 1992" with a value of "$5,000.00." (Doc. 34 at 3). Defendant Dixon disputes the accuracy of this information and asserts that Mr. Shenkin intentionally omitted a valuable asset from his affidavit: the Holiday Family Trust of which Mr. Shenkin is a one-half beneficiary. (Doc. 17, Exh. 1 at 24). Defendant Dixon points to several exhibits submitted by Mr. Shenkin in this lawsuit showing that the Trust had personal property valued at $800,000.00. (Doc. 11 at 8; Doc. 17 at 4, Doc. 23 at 6). In addition, Defendant Dixon states that Anna F. Holiday, Grantor of the Trust, also owned the real estate that Defendant Shenkin uses as his residence, known as 26676 Holiday Ranch Rd., Apple Valley, CA 92307, and that Anna F. Holiday had executed a Pour

Over Will where, upon her death, all of her property, including the real estate, would be added to her Trust. (Doc. 17, Exh. 1 at 96).

Mr. Shenkin has neither responded to, nor refuted the representations made by Defendant Dixon. The Court is therefore unable to conclude from Mr. Shenkin's affidavit that his income and assets are insufficient to provide himself and his family with the necessities of life and still have sufficient funds to pay the full filing fee of $505.00 in order to institute an appeal. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Mr. Shenkin has failed to show he is entitled to proceed *in forma pauperis* on appeal in this case. Therefore, Mr. Shenkin's motion to proceed *in forma pauperis* on appeal should be **DENIED**.

Defendant Dixon also requests the dismissal of Mr. Shenkin's appeal as a sanction for misrepresenting his assets in his *in forma pauperis* motion. The district court is without jurisdiction to dismiss an appeal before the Sixth Circuit. *See Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) (a proper notice of appeal divests the district court of jurisdiction, and it has no authority to dismiss a notice of appeal). Accordingly, the Court should decline to rule on Defendant Dixon's request for the sanction of dismissal.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant/Appellant Marvin Shenkin's motion for leave to proceed *in forma pauperis* on appeal (Doc. 34) be **DENIED**.

2. Defendant/Appellant Marvin Shenkin be advised of the following:

Pursuant to Fed. R. App. P. 24(a)(4), Defendant/Appellant Marvin Shenkin may file, within thirty (30) days after service of any Order adopting the undersigned's recommendation, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal.

*Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997). Defendant/Appellant Marvin Shenkin's motion must include a copy of the affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal. *Id.*; *see* Fed. R. App. P. 24(a)(5).

Defendant/Appellant Marvin Shenkin is notified that if he does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $505.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless plaintiff can demonstrate that he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id.*

Date: 8/20/14

Karen L. Litkovitz, Magistrate Judge
United States District Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREAT AMERICAN LIFE
INSURANCE COMPANY,
    Plaintiff

vs.

MARVIN DIXON, et al.,
    Defendant

Case No. 1:12-cv-828

Spiegel, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).